**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

FREDRICK ALEXANDER MASON                                  PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:11cv362-WHB-LRA

CHRISTOPHER EPPS,
WEXFORD MEDICAL GROUP, ET AL.                              DEFENDANTS

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Fredrick Alexander Mason failed to appear at the omnibus hearing which was set on November 21, 2011, before the undersigned Magistrate Judge. Defense attorneys Charles B. Irvin and Rick D. Norton appeared at the scheduled omnibus hearing, but Mason did not appear or contact the Court to request a continuance.

On April 4, 2012, Defendant Wexford filed a Motion to Dismiss [ECF No. 11] based upon Plaintiff's failure to prosecute his claims. An Order to Show Cause was entered on April 5, 2012, requiring Plaintiff to show cause as to why his complaint should not be dismissed [ECF No. 13]. No response was received by the date set, and Defendant Wexford again filed a motion to dismiss on April 23, 2012 [ECF No. 14]. However, on April 24, 2012, Plaintiff notified the Court that his correct zip code was "38039" and not "38939" as used by the Court for his address [ECF No. 15]. He asked that his case not be dismissed and that the omnibus hearing be rescheduled as soon as possible. On May 7, 2012, Defendant Epps also filed a Motion to Dismiss based upon Plaintiff's failure to timely respond to the Order to Show Cause [ECF No. 16].

Because Plaintiff did respond to the Order to Show Cause, District Judge Barbour entered an Order denying the pending motions to dismiss and directing the undersigned to reschedule the omnibus hearing [ECF No. 17]. The undersigned rescheduled the omnibus hearing on August 28, 2012. Although defense counsel again attended the omnibus hearing, Plaintiff did not attend or notify the Court that he was unavailable on

that date. He has not communicated with the Court in any manner since his correspondence on April 24, 2012 [ECF No. 15].

Plaintiff was notified of the August 18th hearing at the mailing address that he provided, 915 Highway 18 South, Grand Junction, Tennessee 38039. This was the last address provided by Plaintiff; it is a free world address, as Plaintiff is no longer incarcerated. The Order setting this hearing was not returned as undeliverable, and the Court must assume that Plaintiff received a copy of the Order.

Mason filed this case, and it was his responsibility to prosecute his claims. He was aware that it was his responsibility to inform the Court of any address changes. His failure to attend the scheduled hearing, or to contact the Court regarding any conflict, has caused Defendants to incur unnecessary attorneys' fees and costs. Plaintiff has failed to abide by the orders of this Court. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

Defendants made *ore tenus* motions to dismiss the case against them at the scheduled omnibus hearing, and Defendant Wexford filed a second Motion to Dismiss on August 31, 2012, ECF No. 20. The undersigned recommends that the motions be granted.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*;*

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that Wexford's Second Motion to Dismiss, ECF No. 20, be granted, and that Defendant Epp's ore tenus Motion to Dismiss be granted. This cause of action should be dismissed as to all parties pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of February, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE